**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE                                             : CHAPTER 13
                                                  :
STEPHEN DEITCH                                    :
                                                  :
    DEBTOR(S)                  : BANKRUPTCY NO. 13-10121

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Debtor has objected to the Proof of Claim of Federal National Mortgage Association (Fannie Mae). The Objection is opposed. A hearing on the matter was held on December 4, 2013. At the conclusion of the hearing the Court allowed the parties time to brief the issues. Upon belated receipt of the briefs, the Court took the matter under advisement. For the reasons which follow, the Objection will be denied.[1]

*Background*

On April 25, 2007 the Debtor and his wife obtained a mortgage loan from MAS Associates, LLC, d/b/a/ Equity Mortgage. See Objection, ¶ 2. The loan is secured by the Debtor's principal residence. *Id.* That loan was subsequently assigned to Greenpoint Mortgage Funding. *Id.*, ¶ 4. In February 2011, Greenpoint assigned the loan to Fannie Mae. *Id.*, ¶ 5.

In April 2011, the Debtor filed suit in federal court against Fannie Mae and other parties regarding origination of the loan. The complaint alleged violations of

---

[1] Because this matter involves an objection to a claim, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(B)

Pennsylvania consumer protection law, 73 P.S. § 201-1. In September 2011, Fannie Mae was dismissed from the federal proceeding. In January 2012, the entire action was dismissed with prejudice based on the Plaintiff's settlement with the remaining defendants. *See* FNMA's Brief, Ex. A.

In August 2012, Fannie Mae obtained a judgment in mortgage foreclosure against the Debtor and his wife. *Id.,* Ex. B. On January 7, 2013, the Debtor filed this bankruptcy proceeding. On June 20, 2013, Fannie Mae filed a Proof of Claim in the amount of $226,330.52. The claim is based on a default of the mortgage loan. The Debtor has objected to the claim and has asserted the right to rescind the loan. FNMA filed a response which opposes the objection on both procedural and substantive grounds.

*Burden of Proof*

The burden of proof shifts throughout the course of a claims objection. Initially, the claimant must allege sufficient facts to support its claim, and once done, the claim becomes prima facie valid. See 11 U.S.C. § 502(a); B.R. 3001(f). Thereafter, the burden of going forward shifts to the party objecting to the claim—here, the Debtor— to produce evidence to negate the prima facie validity of the claim. If the Debtor produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the creditor to prove validity of the claim by a preponderance of the evidence. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir.1992).

*Arguments*

The Objection alleges that the Debtor may rescind this loan because he was never given the notice of his right to cancel the loan as required by applicable state law.

Fannie Mae's response is two-fold: first that the Debtor's objection is precluded by the conclusion of prior litigation; and, second that the evidence shows that the Debtor was given the requisite notice to cancel the loan if he had so desired.

*Rooker-Feldman*

Fannie Mae makes two arguments as to why the objection is precluded: first, the *Rooker-Feldman* doctrine and, second, res judicata. See FNMA's Brief, 2-3. The Court may dispose of the first argument summarily. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." *Great Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) The *Rooker–Feldman* doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Here, there is no judgment to speak of: the parties settled their case. Neither did the outcome occur in a state court, although the cause of action was based on state law. In short, reliance on *Rooker-Feldman* is misplaced.

*Federal Common Law*
*Of Res Judicata*

Alternatively, Fannie Mae maintains that the objection is barred under *res judicata*. See FNMA's Brief, 2. The doctrine of *res judicata*, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events. *Churchill*

3

*v. Star Enters.,* 183 F.3d 184, 194 (3d Cir.1999). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Id.* (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)(emphasis added)).

There is however a threshold question which the Court must address before analyzing Fannie Mae's *res judicata* challenge. Because the prior ruling involved a state law cause of action rendered by a federal court whose jurisdiction was based on diversity of citizenship, it is not clear whether the state law definition of *res judicata* or the federal law definition is controlling. The Third Circuit has not determined the appropriate law of preclusion—state or federal—that a federal court exercising its diversity jurisdiction should apply when considering the preclusive effect of a judgment rendered by another federal court which exercised diversity jurisdiction or decided a question of state law. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991) (refraining from ruling on the issue); *but see Collins v. E.I. Dupont De Nemours & Co.*, 34 F.3d 172 (3d Cir.1994) (applying state preclusion law, without discussion, in a diversity case to determine the effect of a prior federal court decision). While the two standards are not inconsistent, *compare Sims v. Viacom, Inc.*, 2013 WL 6018840, at *2 (3d Cir. Nov. 18, 2013) (listing the federal *res judicata* elements as (1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action) *with Standard Steel, LLC v. C.C.A.B. (Stuter)*, 2011 WL 10844880, at *3 (Feb. 1, 2011) (listing state elements as (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties

4

suing or sued), the Court, in the interests of clarity, will determine which standard applies.

Although there is no controlling authority on this question, the Third Circuit has observed in *dicta* that the majority of the courts of appeals have concluded that federal law on preclusion should apply in such circumstances. *Lubrizol,* 929 F.2d at 962 n. 2; *see also Cunningham v. Integrated Health Serv., Inc.*, 1997 WL 256952, at *2 n.4. (E.D.Pa. May 15, 1997) ("The law governing the effect to be given to a federal judgment issued by a federal court exercising diversity jurisdiction is an enigma within itself, however, the trend is towards applying federal common law.") This Court will follow the majority trend and apply the federal *res judicata* elements.

*Res Judicata and*
*Judicial Notice*

Fannie Mae's *res judicata* defense is based on prior litigation between the parties. See FNMA's Brief, 2. That litigation was filed and concluded in the United States District Court for the Eastern District of Pennsylvania.[2] As proof that such litigation has preclusive effect, Fannie Mae has attached to its Brief a copy of the Notice to Dismiss Case with Prejudice. Yet because Fannie Mae did not attached other proofs demonstrating on their face that this prior litigation involved the same parties and the same claims, the Court turns to whether it may take judicial notice of relevant, undisputed facts in that proceeding which would support the claim of preclusion.

The Federal Rules of Evidence provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E.

---

[2] *Denenberg, et al v. Deutsche Bank National Trust Company, et al*, No. 11-cv-02840.

201(b)(2) (made applicable by B.R. 9017). This may be done by the Court *sua sponte* and at any stage of the proceeding. F.R.E. 201(c)(1), (d). Here, the proceedings of which the Court may take judicial notice are not part of the bankruptcy; rather, the proceedings predated the bankruptcy and involved state law consumer protection claims filed in a different forum, albeit in the same district. Many circuit courts have held that federal courts have the authority to take judicial notice of proceedings in other courts, either within or without the federal system, provided those proceedings are directly related to the matters presently at issue. *In re Allegheny*, 86 B.R. 466, 469 (Bkrtcy.W.D.Pa. 1988); *In re Harper*, 2000 WL 1897353, at *3 n.4 (Bkrtcy.E.D.Pa., Dec. 22, 2000); *see also In re Parrish*, 2009 WL 6338568, at *4 (Bkrtcy.D.Neb.Dec.1, 2009) (explaining that judicial notice of the records of another court is appropriate when the records are necessary to assess the applicability of res judicata and collateral estoppel).

*Final Judgment*
*On The Merits*

The Court begins with the question of whether the prior proceeding was concluded on its merits. On that point, the sole submission by Fannie Mae is probative. To repeat, it attached to its Brief the Notice to Dismiss Case with Prejudice. See FNMA's Brief, Ex. A. The Notice reflects that it is being filed "as the case has been settled on an individual basis." The Notice contains also the signature of the District Judge presiding over the case. It is also docketed as an order dismissing the case. *See* docket entries, ## 53, 54.

From that evidence the Court finds that the District Court case is a final judgment on the merits. "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Allegheny Intern., Inc. v.*

6

*Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994). The case was dismissed with prejudice upon settlement of the parties. Therefore, the dismissal with prejudice of the District Court action establishes the first element of *res judicata.* *Northeast Jet Center, Ltd. v. Lehigh-Northampton Airport Authority*, 1997 WL 230821, at *4 (E.D.Pa., May 5, 1997).

*Same Parties*

Next, *res judicata* requires an identity of parties as between the two actions. The Notice to Dismiss the District Court action does not list the name of each plaintiff and defendant. Instead, the caption abbreviates the parties. A review of the District Court docket, however, reflects that the Debtor is listed among the plaintiffs and that Fannie Mae is found among the defendants. Likewise, the Debtor is the objector in the instant proceeding; Fannie Mae is the respondent here as it is defending its proof of claim. On that basis, the Court finds the second element of *res judicata* to be satisfied.

*Same Cause of Action*

Finally, the two matters must involve the same cause of action. Just as the Notice to Dismiss did not indicate who all of the parties were, the notice does state what plaintiff's claims were. Here again, the Court may take judicial notice of what is plead in the District Court complaint. That complaint is based on violations of the Pennsylvania Uniform Trade Practices and Consumer Protection Law. 73 P.S. § 201-1 et seq. Similarly, the objection to the Fannie Mae Proof of Claim is based on the same statute. *See* Objection. Where the two proceedings differ is not on their legal basis, but on how the statute is alleged to have been violated. The District Court action alleges misrepresentations made during the loan origination; the claim objection is based on an

alleged failure by the lender to give the borrower notice of the right to rescind. For preclusion purposes, that distinction is of no moment. *Res judicata* is not limited to claims that the plaintiff in fact did plead in the prior proceeding: "Claim preclusion prevents a party from prevailing on issues he *might have but did not assert* in the first action." *Gregory v. Chehi,* 843 F.2d 111, 116 (3d Cir.1988)(emphasis added); *see also CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir.1999) "If these three factors [of res judicata] are present, a claim that was *or could have been raised previously* must be dismissed as precluded.")(emphasis added) The time for the Debtor to have alleged a failure to have been informed of its right to rescind the loan as required by the Pennsylvania consumer protection statute was in the prior proceeding. The failure to have done so then means that he is precluded from doing so now.

*Summary*

The Court finds that the elements of *res judicata* are established on this record. Accordingly, because the Debtor is precluded from raising claims under the Pennsylvania consumer protection statute, the Objection to the Proof of Claim of Fannie Mae is denied.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>March 12, 2014</u>