# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| STEPHEN DEITCH | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 13-10121 |

## OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Debtor has moved for reconsideration of this Court's Order denying the Objection to the Proof of Claim of Federal National Mortgage Association (Fannie Mae). The Motion is opposed. A hearing on the matter was held on May 21, 2014. At the conclusion of the hearing, the Court allowed the parties additional time to brief the issues. Upon receipt of the briefs, the Court took the matter under advisement. For the reasons which follow, the Motion will be granted and the Court's Order denying the Objection to claim will vacated.[1]

*Standard for Reconsideration*

Reconsideration is made applicable to bankruptcy cases by Bankruptcy Rule 9023: "Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P.[2] applies in cases under the Code." A motion to alter or amend a judgment must be based on at least one of the following three (3) grounds: (1) an intervening change in controlling law;

---

[1] Because this matter involves an objection to a claim, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(B)

[2] Rule 59(e) provides for the filing of a motion "to alter or amend a judgment."

(2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985); *Allen v. J.K. Harris & Co.*, 2005 WL 2902497, at *1 (E.D.Pa. Nov.2, 2005). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.,* 902 F.Supp. 523, 527 (M.D.Pa.1995), *vacated in part on other grounds on reconsideration,* 915 F.Supp. 712 (M.D.Pa.1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth,* 153 F.Supp.2d 678, 682 (E.D.Pa.2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995) (citation omitted).

*Arguments*

The Debtor maintains that reconsideration is warranted because the Court erred. Specifically, says Debtor, the Court disposed of the objection based on an issue not raised at the hearing on the objection. Motion, ¶15. In its supplemental brief submitted after the hearing, Fannie Mae raised---for the first time, says the Debtor---res judicata based on a prior ruling alleged to involve the same parties. *Id.* Because the Debtor disputes the contention that the same claims are involved, the Court should not have taken judicial notice of that other proceeding, but should have instead allowed the

Debtor to contest it. *Id.* ¶¶16, 18.

In response, Fannie Mae contends that principles of both preclusion and federalism operate to divest this Court of subject matter jurisdiction. Response 16; Fannie Mae Brief, generally. The prior district court ruling between the parties on the TILA claim precludes any relitigation under the doctrine of judicata. *See id*, 2-3. Under the *Rooker- Feldman* doctrine, a lower federal court may not entertain a claim that would place it in a position of as acting as a court of appeal over a state court. *See id.,* 3. For this Court to grant Debtor's rescission request would negate the state court foreclosure judgment. *See id.*, 4.

*Record*

On August 11, 2013, the Debtor filed an Objection Fannie Mae's Proof of Claim.[3] The Objection alleges that Fannie Mae failed to honor the Debtor's demand that it rescind the mortgage loan. Debtor argues that because he was never given notice of a right to rescind under the applicable Pennsylvania consumer protection law , he may rescind the loan now many years after it was made. See Objection.

On October 8, 2013, Fannie Mae filed a response to the motion. The Response denied the allegation that proper notice of rescission was never given. *See* Response. On December 4, 2013, the Court held a hearing on the objection. During oral argument, the Debtor requested leave to brief the issue of the Debtor's right to receive notice of rescission under the Pennsylvania consumer protection statute. On December 8, 2014, the Debtor filed its brief on that point of law. For over two months, the Court awaited Fannie Mae's brief on the same question. On February 14, 2014, Fannie Mae filed its

---

[3] Fannie Mae holds the mortgage on the Debtor's home.

brief which addressed the question of notice, but also added a new argument not previously raised: *res judicata*. Fannie Mae explained that the same consumer protection suit which is the basis of this claim objection was already raised by the Debtor in the United States District Court for the Eastern District of Pennsylvania. That case was settled and so principles of preclusion prevent the Debtor from re-litigating that claim here.

On March 12, 2014 the Court denied the Objection based on Fannie Mae's preclusion argument. Whereupon, the Debtor moved for reconsideration. The Debtor's main point was that the Court erred in considering the preclusion argument. That point of law, explains the Debtor, was neither raised at the prior hearing nor in Fannie Mae's response to the objection. Thus, there existed neither a record supporting (nor denying) the claim, nor was Debtor given an opportunity to respond to it.

Fannie Mae's response challenges this Court's competence to hear the rescission claim. It argues that after Fannie Mae obtained a prepetition foreclosure judgment against the Debtor, this Court lacked subject matter jurisdiction over the rescission request.

On May 21, 2014, the Court heard the motion and response. The Debtor made two principal points: first, the Court erroneously considered the res judicata argument without the benefit of a record; and second, the Court applied res judicata too broadly. Fannie Mae argued once again that the state court foreclosure judgment deprived the bankruptcy court of subject matter jurisdiction. Transcript May 21, 2014 (T-) 5-8. Seeing this as a legal argument, the Court allowed the parties time to reach and submit a statement of stipulated facts; that would obviate the need for a trial. T-12, 13. The

parties were successful in agreeing on almost all[4] of the facts and subsequently filed briefs. *See* Stipulation of Facts. Fannie Mae's brief reiterated its position that both res judicata and *Rooker-Feldman* deprived this Court of subject matter jurisdiction. The Debtor's final submission addressed the challenge to the Court's subject matter jurisdiction. The Debtor explained that this Court's ruling on the applicability of res judicata, or the inapplicability of the *Rooker-Feldman* doctrine, presupposes the existence of subject matter jurisdiction over the rescission claim. The Court next took the matter under advisement.

*Analysis*

It is Debtor's central argument that this Court wrongly took judicial notice of the District Court proceeding when it applied res judicata to the Debtor's rescission claim. In that regard, the Debtor's relies on *In re Aughenbaugh*, 125 F.2d 887 (3d Cir. 1942). There the Third Circuit reversed and remanded a decision in which the courts below considered filings in the bankruptcy proceeding including bankruptcy schedules and proofs of claims that had not been offered into evidence. The court found that it was not proper to consider other evidence which may have been in the bankruptcy court file:

> To hold otherwise would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal.

*Id.* at 889. More recently, in *In re Indian Palms Associates Ltd. v. California Federal*

---

[4] The one fact remaining in dispute is central to the Debtor's claim objection: that although the Debtor received the notice of right to rescind under the *federal* consumer protection law (i.e., the Truth in Lending Act, 15 U.S.C § 1601 et seq.) he did not receive the notice of right to rescind under the *state* consumer protection statute. See 73 P.S. § 201-7.

5

*Bank,* 61 F.3d 197 (3d Cir.1995), the Third Circuit applied the *Aughenbaugh* rule and stated that the bankruptcy court "cannot properly use documents filed only in the underlying bankruptcy case unless that use can be justified under the judicial notice doctrine." *Id.* at 204. However the court noted the procedures governing contested matters are less formal than those governing adversarial proceedings. *Id.* at 204 n. 11. Therefore, the court found that the lower court's decision to consider the entire case file was justified under the judicial notice doctrine because "the contested matter [was] sufficiently associated with the general administration of the debtor's estate." *Id.* at 204.

In this case, however, the proceeding as to which this Court took judicial notice in applying res judicata was neither a contested matter (i.e., in the main bankruptcy case) nor an adversary proceeding (related or otherwise). The proceeding which the Court deemed admissible without a hearing was a District Court lawsuit alleging consumer protection violations. In specific, it was the apparent resolution of the District Court action which this Court considered dispositive of the instant dispute. However, evidence that the District Court action was settled was not introduced at this Court's December 4, 2013, hearing. It was first brought to light by Fannie Mae when it filed its overdue brief on the issue of notice of rescission on February 14, 2014. In other words, the District Court action on which Fannie Mae relies was not part of the record when the Court issued its March 12, 2014 Opinion. Thus, the Debtor, who disputes the probative effect of the settlement of the District Court action, was denied the opportunity to contest it. *See Indian Palms, supra*, 61 F.3d at 205 (noting that although "judicial notice may be taken at any stage of the proceeding" (quoting Fed.R.Evid. 201(d)), a court may take judicial notice only "as long as it is not unfair to a party to do so and does not undermine

6

the trial court's fact finding authority.") In hindsight, the Court should not have considered all of the evidence which it did in denying the objection. Consequently, the Opinion and Order of March 12, 2014 denying the Objection to the Proof of Claim of Fannie Mae will be vacated and an evidentiary hearing will be scheduled.

*Summary*

The Court finds that grounds exist for reconsideration of the Opinion and Order of March 12, 2014 denying the Objection to the Proof of Claim of Fannie Mae.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: July 23, 2014